UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Michael M.,

      Plaintiff,

v.                                                    6:24-CV-01167 (MJK)

Commissioner of Social Security,

      Defendant.

---

Peter W. Antonowicz, Esq., Attorney for Plaintiff

Geoffrey M. Peters, Esq., Special Assistant United States Attorney for Defendant

Mitchell J. Katz, U.S. Magistrate Judge

### DECISION AND ORDER

Before the Court is Michael M.'s Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b)(1). (Dkt. 12, 13, 16 and 18).[1] The Commissioner filed a response, neither supporting nor opposing the motion. (Dkt. 14). Attorney Antonowicz, Michael M.'s counsel, attests that Michael M. was provided a copy of the motion (Dkt. 16, ¶ 2), thus satisfying the requirement of L.R. 5.5(g)(2).

---

[1] The motion and the supplemental affirmation were filed late. The Court finds good cause to excuse the tardy filings and appreciates Counsel's candor in seeking to excuse the late filings.

Michael M. signed a contingency fee agreement with Attorney Antonowicz on September 4, 2024 (Dkt. 12-3), under which Michael M. agreed to pay Attorney Antonowicz a twenty-five (25%) percent contingency fee on all past due benefits awarded to him, subject to repayment of any fees paid to Attorney Antonowicz under the Equal Access to Justice Act ("EAJA"). Attorney Antonowicz attests that he did not request an EAJA fee after the judgment in this matter. (Dkt. 12, ¶5).

Attorney Antonowicz has been retained since Michael M.'s claim was initially denied in July 2023. Attorney Antonowicz represented Michael M. before the Appeals Council, the appeal to this Court, and at two administrative hearings. Michael M. received a favorable administrative decision on December 15, 2025, finding that he has been disabled since March 5, 2012. (Dkt. 12-2, pg. 3).

The Court must determine whether the attorney's fees award requested is reasonable. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 798 n.6 (2002).[2] To make this finding, the Court considers the factors set

---

[2] The Court's May 15, 2026 text order referred counsel to the United States Supreme Court's decision in *Gisbrecht v. Barnhart,* 535 U.S. 789,798 n.6 (2002), not the 9th Circuit decision in that case. *See* (May 15, 2026 text order and compare to Attorney Antonowicz's affirmation at Dkt. 18, ¶3).

forth in *Fields v. Kijakazi,* 24 F.4th 845,853-56 (2d Cir. 2022). First, the favorable outcome achieved by Attorney Antonowicz speaks for itself. Second, as the record shows, after the Complaint was filed on September 24, 2024, the matter was promptly prosecuted which resulted in a stipulated remand on December 31, 2024. (Dkt. 9). Attorney Antonowicz represented Michael M. at the second hearing which resulted in the finding of disability. Third, Attorney Antonowicz has experience in Social Security disability cases dating back to the early 1980s, and starting in 2001, his practice was limited to this area of practice. (Dkt. 18, ¶5). Fourth, the hours spent by Attorney Antonowicz reflect his experience and efficiency in handling these types of cases. (Dkt. 18). Sixth, as counsel notes, the nature of these cases makes a favorable result uncertain, yet the effort to achieve the result is a constant. Also, as Attorney Antonowicz correctly notes, the contingency fee arrangement poses significant risks notwithstanding counsel's best efforts. The fee arrangement allows claimants who could not afford to retain an attorney to be represented in these important matters. There is no evidence that Michael M. is dissatisfied with the services provided by Antonowicz.

The Social Security Administration withheld $25,098.75, representing 25% of the award of past due benefits, for a representative's fee. (Dkt. 12-2, pg.4). The Court finds that the effective hourly rate of $1,151,32 per billed hour ($25,098.75 divided by 21.8 hours (Dkt. 13)) is reasonable, not more than 25% of the total award as calculated by the Social Security Administration, and is not a windfall under applicable case law as cited at paragraph 8 of the Petition. (Dkt. 12).

**WHEREFORE,** it is hereby

**ORDERED**, that the motion is granted and Attorney Peter Antonowicz is awarded attorney's fees in the amount of $25,098.75.

Dated: July 8, 2026.

_____
Hon. Mitchell J. Katz
U.S. Magistrate Judge